114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rudolph CARR, Plaintiff-Appellant,
v.
Scott SCHLOBOAM, et al., Defendants-Appellees.
 No. 96-2802.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 22, 1997.*
Decided May 22, 1997.
 
 Before POSNER, Chief Circuit Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Rudolph Carr, an inmate in the Indiana State Prison ("ISP"), appeals the district court's denial of his motion for a preliminary injunction compelling the Indiana Department of Corrections ("IDOC") to provide corrective nasal surgery. We affirm.
 
 
 2
 Carr alleges that he was brutally beaten by prison guards and consequently suffered a broken nose. He claims that a prison doctor diagnosed that he had a broken nose, and scheduled corrective surgery. The IDOC, however, determined that surgery was not medically necessary and, therefore, it was canceled. Carr filed a civil rights action under 42 U.S.C. § 1983, alleging an Eighth Amendment violation--excessive use of force and deliberate indifference to a serious medical need. Subsequently, Carr brought a motion for a preliminary injunction compelling the IDOC to provide him with corrective nasal surgery, which the district court denied.
 
 
 3
 In considering a motion for a preliminary injunction, a district court must first determine whether the moving party has demonstrated (1) some likelihood of prevailing on the merits, and (2) an inadequate remedy at law and irreparable harm if preliminary relief is denied. Grossbaum v. Indianapolis-Marion County Building, 100 F.3d 1287, 1291 (7th Cir.1996). The district judge concluded that, given the deference courts must give to prison officials in matters of institutional administration, appellant had not proven that he would suffer irreparable harm if not treated nor had he demonstrated a reasonable likelihood of success on the merits. We review this conclusion of law de novo. Id. at 1292.
 
 
 4
 To establish an Eighth Amendment violation, Carr must establish that being denied nasal surgery exhibited a "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). "Although the 'serious medical need' formulation is far from self-defining, it is clear that the Supreme Court contemplated that medical conditions far less critical than 'life-threatening' would be encompassed by the term." Gutierrez v. Peters, No. 93-2366, 1997 WL 195399 at * 6 (7th Cir. Apr. 23, 1997). A medical condition is serious "where 'the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' ' " Id.
 
 
 5
 at * 8 (citations omitted). To satisfy the "deliberate indifference" standard, a prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994). Neither negligence nor medical malpractice constitutes cruel and unusual punishment." Id.
 
 
 6
 The only documentation in the record to substantiate Carr's claims are what appear to be entries from his IDOC medical record. An entry for December 14, 1993, states that Carr was "[s]een in ENT Clinic. Scheduled for nasal surgery." Entries on March 15 and 21, 1994 indicate that appellant complained of "nasal discomfort," and on March 30, 1994, there is an entry recording a "DOC letter of refusal to allow septorhinoplasty[1 because [Carr's] problem did not constitute a serious medical problem requiring surgical intervention."
 
 
 7
 Based on the record before us, Carr has failed to prove a likelihood of prevailing on the merits. Certainly, Carr's nasal problem was given medical attention as surgery was initially scheduled. The record, however, fails to demonstrate that the failure to perform the nasal reconstructive surgery resulted in further significant injury or wanton pain or that the IDOC's cancellation of the surgery constituted deliberate indifference to his medical needs.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 "Septorhinoplasty" is an "operation for the repair of defects of the septum of the nose and the external nasal structure." 5 Attorneys' Dictionary of Medicine and Word Finder S-112 (February 1997)